**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1701
_____

KESTER SANDY,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-03290)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: February 2, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kester Sandy, an inmate at Otisville Correctional Facility in Otisville, New York, appeals the dismissal of his pro se habeas petition under 28 U.S.C. § 2241 by the United States District Court for the Eastern District of Pennsylvania. In 2004, Sandy pleaded guilty in the Eastern District of Pennsylvania to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) and was sentenced to a term of imprisonment plus three years of supervised release. He completed the prison term but not the supervised release term because he was transferred to state custody at the conclusion of his federal imprisonment. He is presently serving an unrelated sentence for state convictions.

In the § 2241 habeas petition he filed in the Eastern District of Pennsylvania, Sandy alleged two claims: that the § 922 conviction and sentence should be vacated in light of Rehaif v. United States, 139 S. Ct. 2191 (2019) (holding that a defendant's knowledge of his status (e.g., as a felon) is an element of a § 922 offense); and second, that the Special Assistant United States Attorney in his case was not authorized to prosecute him, and thus, his conviction is invalid. The District Court dismissed the petition without prejudice because Sandy had not filed it in the federal district in which Otisville Correctional Facility is located and he had not named the proper custodian as respondent.

Sandy filed a timely appeal and a motion under Federal Rule of Civil Procedure 60(b). The District Court denied the Rule 60(b) motion, and Sandy's appeal of the District Court's orders is presently before us.

The District Court stated in its Memorandum that a § 2241 petition must be filed against the custodian where the petitioner is held, in the district where the inmate is confined. See D. Ct. Mem. at 1 (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)). Generally speaking, that is true for most § 2241 petitioners, who usually challenge their present physical confinement. However, where, as here, a petitioner "challenges a form of 'custody' other than present physical confinement[, he] may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" Padilla, 542 U.S. at 438 (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973)). As the Padilla Court explained, in Braden, the petitioner did not challenge the Alabama sentence he was serving but a Kentucky detainer; the proper venue was Kentucky because the proper respondent was the Kentucky court where the detainer was lodged.

In this case, the United States Probation and Pretrial Services (USPPS) will be the entity exercising legal control over his supervised release. Thus, it is the proper respondent here, and not Sandy's present custodian, the warden of the state Otisville Correctional Facility. See 18 U.S.C. § 3624(e) (after imprisonment, prisoner is released "to the supervision of a probation officer"); cf. Padilla, 542 U.S. at 438.

As for the proper district, we agree with the Government that Sandy's § 2241 petition must be adjudicated in the district where he will reside and serve his term of supervised release. See Government's Br. at 19-20. Sandy did not indicate a location in

3

his § 2241 proceedings in the District Court. Accordingly, the matter will be remanded for the District Court to issue any necessary orders allowing Sandy to file a § 2241 petition containing the correct respondent and indicating where he will be serving his term of supervised release. The District Court should thereafter take whatever action is appropriate, including dismissal if Sandy does not indicate that he will be serving his term of supervised release within the jurisdiction of the District Court for the Eastern District of Pennsylvania. We express no opinion regarding Sandy's proposed claims, their merit, or whether the District Court lacks jurisdiction over them for other reasons.

We will vacate the District Court's judgment dismissing the § 2241 petition without prejudice and remand to the District Court for further proceedings consistent with this opinion.

4